*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* PETITION OF THE WAYNE COUNTY TREASURER FOR FORECLOSURE.

---

WAYNE COUNTY TREASURER,

Petitioner-Appellee,

V

OVER THE RAINBOW LLC,

Respondent-Appellant.

UNPUBLISHED
March 19, 2026
9:27 AM

No. 373749
Wayne Circuit Court
LC No. 22-006263-CH

---

Before: MALDONADO, P.J., and M. J. KELLY and TREBILCOCK, JJ.

PER CURIAM.

Respondent failed to timely submit a notice of intention to claim an interest in remaining proceeds generated from petitioner's tax-foreclosure sale of respondent's property, so the trial court denied respondent's motion for payment of those proceeds on statutory grounds. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Respondent, Over the Rainbow, LLC (OTR), fell behind on its property taxes, which led to petitioner, the Wayne County Treasurer, conducting a tax-foreclosure on OTR's property. The property eventually sold at auction for substantially more than OTR owed. OTR sought to recover those remaining proceeds under MCL 211.78t of the General Property Tax Act, MCL 211.1 *et seq.*, by filing Form 5743 with the Treasurer. It did not, however, comply with the act's deadlines for when to do so. OTR then filed a motion in the trial court seeking payment of those proceeds. The trial court denied that motion following a hearing on the matter, concluding OTR's failure to timely file its Form 5743 barred relief. This appeal followed.

-1-

## II.  ANALYSIS

### A.  GENERAL LEGAL FRAMEWORK

"[F]ormer property owners whose properties were foreclosed and sold to satisfy delinquent real-property taxes, have a cognizable, vested property right to the surplus proceeds resulting from the tax-foreclosure sale of their properties." *Rafaeli, LLC v Oakland Co*, 505 Mich 429, 484; 952 NW2d 434 (2020).  To claim and receive any surplus proceeds remaining after the property's tax-foreclosure sale, former property owners must follow the statutory scheme set forth in 2020 PA 255 and 2020 PA 256.  *In re Muskegon Co Treasurer for Foreclosure*, 348 Mich App 678, 683-684; 20 NW3d 337 (2023).  So too must foreclosing governmental units (FGU), for doing so protects the former property owners' constitutional rights to due process and against takings without just compensation.  See *id.* at 695-703; see also *In re Petition of Kent Co Treasurer for Foreclosure*, ___ Mich App ___, ___; ___ NW3d ___ (2025) (Docket Nos. 363463, 363766, 363808, and 364114); slip op at 7, 13, 19.

A FGU "must provide, at the time a judgment of foreclosure is effective, an explanation to all persons with an interest in property of their right to claim any proceeds remaining after the sale and satisfaction of tax debt." *Muskegon Co Treasurer*, 348 Mich App at 697 (emphasis omitted), citing MCL 211.78g(2) and MCL 211.78i(7).  In turn, a former property owner intending to recover any remaining proceeds following the property's tax-foreclosure sale must "notify the FGU of that intent by submitting Form 5743 by the July 1 immediately following the effective date of the foreclosure of the property." *Muskegon Co Treasurer*, 348 Mich App at 684-685.  Upon satisfying those requirements set forth in MCL 211.78t(2), the former property owner becomes a "claimant," *Muskegon Co Treasurer*, 348 Mich App at 685 (quotation marks omitted), and is entitled to notice from the FGU regarding, in relevant part, the amount of any remaining proceeds, MCL 211.78t(3)(i).  Then, the claimant may file a motion in the trial court in the foreclosure proceeding to recover the portion of the remaining proceeds to which the claimant is entitled.  MCL 211.78t(4).  After the FGU responds to such motion, the court must hold a hearing to "determine the relative priority and value of the interest of each claimant in the foreclosed property immediately before the foreclosure was effective." MCL 211.78t(9).  At this hearing, the claimant bears the burden of proving its interest in the remaining proceeds.  *Id*.

### B.  DENIAL OF MOTION FOR PAYMENT

OTR first claims the trial court erroneously denied the motion for payment because the Treasurer failed to present evidence below demonstrating it provided OTR adequate notice of its right to claim remaining proceeds following the tax-foreclosure sale of OTR's property.  We disagree.

In the trial court, OTR's motion did not assert a lack of notice (and indeed asserted no notice was required).  OTR's attorney raised it for the first time, however, orally in the motion hearing.  The Treasurer contradicted that assertion at the hearing, and this Court—after receipt of the appellee brief—subsequently granted the Treasurer's motion to expand the trial court record to include the notice of pending foreclosure that it sent to OTR.  *In re Petition of the Wayne Co Treasurer for Foreclosure*, unpublished order of the Court of Appeals, entered July 9, 2025 (Docket No. 373749).  That notice specifically notes the property owner's right to make a claim

for remaining proceeds, the requirement to complete and file the form contemplated by MCL 211.78t(2) to initiate the process, the deadline to file such form, and the potential consequences of failing to do so.

OTR does not challenge the authenticity of the notice or raise any substantive arguments establishing that it did not receive it. Instead, it merely notes that appellate review is generally limited to the record established in the trial court. That much is true. See *Sherman v Sea Ray Boats, Inc*, 251 Mich App 41, 56; 649 NW2d 783 (2002). But that is the general rule, and this Court has the discretion to expand the lower court record under MCR 7.216(A)(4) in appropriate cases such as this.

Accordingly, OTR has failed to demonstrate any entitlement to relief on this issue.

## C. DUE-PROCESS CHALLENGE

OTR next claims the Treasurer violated its due-process rights by failing to satisfy MCL 211.78i(7)(i) by neglecting to provide OTR with notice of its right to claim an interest in the remaining proceeds following the tax-foreclosure sale of its property. As discussed, however, the record includes that required notice. Considering OTR does not claim that this notice fails to satisfy MCL 211.78i(7)(i), it fails to demonstrate a deprivation of due process on the grounds alleged.

## D. CONSTITUTIONAL TAKING

Finally, OTR claims the Treasurer's retention of the excess proceeds constituted an unconstitutional taking. Binding precedent forecloses this issue.

"Both the Fifth Amendment of the United States Constitution and Const 1963, art 10, § 2, prohibit the taking of private property for public use without just compensation." *Cummins v Robinson Twp*, 283 Mich App 677, 706; 770 NW2d 421 (2009). "Although the courts of this state have applied the state and federal Takings Clauses coextensively in many situations, this Court has found that Const 1963, art 10, § 2 offers broader protection than do US Const Ams V and XIV." *AFT Mich v Michigan*, 497 Mich 197, 217; 866 NW2d 782 (2015). OTR does not argue Const 1963, art 10, § 2 offers greater protection than US Const, Am V in this instance, and this Court will "not inquire further whether it would be proper to do so." *AFT Mich*, 497 Mich at 217-218. "Accordingly, we will consider the two clauses in tandem for purposes of this appeal." *Muskegon Co Treasurer*, 348 Mich App at 700.

In OTR's view, MCL 211.78t establishes an arbitrary deadline, impermissibly conditions a constitutional right on compliance with statutory procedure, and therefore violates "the Takings Clause" by virtue of its function as a "forfeiture mechanism" rather than "a remedial process." But this Court has already considered and rejected these arguments: MCL 211.78t does not violate the Takings Clause. See *Petition of Kent Co Treasurer*, ___ Mich App at ___; slip op at 7, 15-16; *Muskegon Co Treasurer*, 348 Mich App at 683, 699-703. While OTR may disagree with the outcomes of those cases, they remain binding precedent. MCR 7.215(C)(2) and (J)(1). OTR's failure to follow the procedure set forth in MCL 211.78t(2) means it has not demonstrated that the statutory scheme enacted by our Legislature "wrote [its] constitutionally protected property rights out of existence by imposing a notice requirement." *Muskegon Co Treasurer*, 348 Mich App

-3-

at 702. Rather, OTR failed to avail itself of the statutory process and, in so doing, "failed to enforce [its] constitutional rights." *Id*. at 704.

III. CONCLUSION

For these reasons, we affirm.

/s/ Allie Greenleaf Maldonado
/s/ Michael J. Kelly
/s/ Christopher M. Trebilcock